IN THE MATTER OF THE CLOSING OF JAMESBURG HIGH SCHOOL, SCHOOL DISTRICT OF THE BOROUGH OF JAMESBURG, MIDDLESEX COUNTY.

Superior Court of New Jersey
Appellate Division

Argued July 2, 1979—Decided July 2, 1979.

Before Judges ALLCORN, SEIDMAN and BOTTER.

*Mr. Bertram E. Busch* argued the cause for appellant Monroe Township Board of Education (*Messrs. Busch* and *Busch,* attorneys).

*Mr. Philip H. Shore* argued the cause for appellant Spotswood Borough Board of Education (*Messrs. Golden, Shore, Zahn & Richmond,* attorneys).

*Mr. William S. Greenberg* argued the cause for respondents New Jersey Education Association and Jamesburg Education Association (*Messrs. Greenberg & Mellk,* attorneys; *Mr. Dennis Daly* on the brief).

*Mr. Stephen E. Klausner,* attorney for respondent Monroe Township Education Association, filed a statement in lieu of brief.

*Mr. John J. Degnan,* Attorney General, filed a statement in lieu of brief for respondent State Board of Education (*Mr. Alfred E. Ramey, Jr.,* Deputy Attorney General, of counsel and on the statement).

No appearance for the Jamesburg Board of Education.

PER CURIAM. By motion previously granted we consolidated these two appeals taken by the Board of Education of Monroe Township and the Board of Education of Spotswood Borough from a decision of the State Board of Education dated June 6, 1979, affirming the decision of the Commissioner of Education dated May 1, 1979. The State Board ordered that tenured teaching staff members of Jamesburg High School who do not elect to claim teaching positions in the elementary grades in Jamesburg shall be transferred and employed by the boards of education of Monroe Township and Spotswood Borough in the ratios of 75% and 25%, respectively, in accordance with the provisions of *N. J. S. A.* 18A:28–6.1. We granted appellants' motion for a stay pending appeal and accelerated these appeals on our own motion. To our knowledge the issue raised on this appeal has not been decided previously by our courts or the administrative agencies involved.

In a prior related appeal, Docket No. A–3257–78, we upheld a determination of the State Board ordering the closing of Jamesburg High School, effective June 30, 1979, and designating resident pupils of Jamesburg in the 9th through 12th grades as tuition pupils at the Monroe Township High School, effective July 1, 1979. The closing of Jamesburg High School displaced students from Helmetta Borough who had been attending that high school. However, Helmetta and Spotswood have entered into a sending-receiving relationship which will permit those pupils to attend high school in Spotswood. Since the Jamesburg and Helmetta pupils at Jamesburg High School bore a ratio of approximately 3 to 1, the Commissioner determined that three-fourths of the tenured teachers in Jamesburg High School should be transferred to Monroe Township and one-fourth to Spotswood. We are told that there are approximately 16 tenured teaching staff members at Jamesburg High School who will be affected by the order and that only one has expressed a preference to remain in Jamesburg.

The decision of the State Board recognizes that the power of the Commissioner to order Monroe and Spotswood to accept and employ Jamesburg's tenured high school teachers "is not expressly set forth in any statute." However, the State Board, as well as the Commissioner, concluded that several sections of the school laws expressed a legislative intent to protect tenured teachers in employment despite various changes in the organization of a school district. The brief filed on behalf of the Jamesburg Education Association and the New Jersey Education Association refers to tenure protection when there is a change in the method of government of a school district, *N. J. S. A.* 18A:28–15; when a state agency assumes operation of a school district, *N. J. S. A.* 18A:28–16; when a local board of education assumes operation of a school district previously under operation of a state agency, *N. J. S. A.* 18A:28–17, and when smaller school districts are consolidated or dissolved to form regional school districts, *N. J. S. A.* 18A:13–42 and *N. J. S. A.* 18A:13–49. None of

these statutes, however, involves the transfer of pupils from one district to another without the consent of the receiving district.

*N. J. S. A.* 18A:28–6.1 deals with the discontinuance of a school in one district and the establishment of a sending-receiving relationship "by agreement with another board of education * * *." In such event tenured teachers in the grades that are discontinued "shall be employed by the board of education [in] such other district in the same or nearest equivalent position * * *." A teaching staff member may elect to remain in the employ of the former district in any position he can claim by virtue of his tenure and seniority rights. The statute further provides:

> Teaching staff members so employed in such other district shall have their rights to tenure, seniority, pension and accumulated leave of absence, accorded under the laws of this state, recognized and preserved by the board of education of that district.

Appellants contend that the rights of teachers in Jamesburg High School to continued employment in grade at the high schools of Monroe and Spotswood is accorded by statute only in the event Monroe and Spotswood had entered into a sending-receiving relationship with Jamesburg "by agreement." We agree. The words, "by agreement with another board of education," should be accorded their plain meaning. The legislative history shows that this statute was derived from Assembly Bill No. 604 (1967). The bill as originally drafted did not limit its scope to pupils transferred "by agreement with another board of education." However, these words were added to the bill before it was enacted. In our view the addition of these terms limits the application of *N. J. S. A.* 18A:28–6.1. While a school district may be compelled to become a receiving district, *N. J. S. A.* 18A:38–8, there is no provision in the law which compels a receiving district against its will to also accept the transfer of teachers from a school which has closed in another district. The desirability of such a provision is clearly for the legislature

and not for the courts to determine. See *Burlington Cty. Evergreen Park Mental Hosp. v. Cooper,* 56 *N. J.* 579, 598 (1970). Administrative officers may exercise only such authority as is conferred by statute expressly or by unavoidable implication. *Id.*

Moreover, as to Spotswood, no sending-receiving relationship was entered into by agreement or otherwise between the Spotswood Board of Education and the Jamesburg Board of Education, which is the board whose school was discontinued. Thus, in no case can *N. J. S. A.* 18A: 28–6.1 apply to Spotswood, whose school will be receiving students from Helmetta, not from Jamesburg. Lastly, we find no inherent power in the Commissioner to transfer teachers from one school district to another without the consent of the receiving district. No statute has been cited which gives this power to the Commissioner.

Accordingly, we reverse and set aside the determination of the State Board of Education dated June 6, 1979 and so much of the Commissioner's determination of May 1, 1979 as is encompassed by this appeal.